# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BOOKER McMORRIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 11 cv 6117 |
| CITY OF CHICAGO, | ) ) | Judge Sharon Johnson Coleman |
| Defendant. | ) ) | |

## Memorandum Opinion and Order

Plaintiff, Booker McMorris, filed a two count First Amended Complaint after this Court dismissed the original complaint. The First Amended Complaint alleges that the City of Chicago is liable for discrimination in violation of the Americans with Disabilities Act ("ADA") and the *Fourteenth Amendment's Equal Protection Clause.* McMorris seeks enforcement of his rights through Section 1983 of the Civil Rights Act of 1964. Defendant City of Chicago ("City") moves to dismiss both counts of the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court heard oral argument on the issue of whether the ADA is enforceable through section 1983 on September 27, 2012. For the reasons set forth below, this Court grants defendants' motion and dismisses the complaint.

**Background**

Booker McMorris worked as a security guard for Honor Guard Security, Inc. The City of Chicago Department of Water Management ("DWM") contracted with Honor Guard to provide security for its facilities. Honor Guard posted McMorris to a DWM facility from March 2008 to March 2010. Occasionally, McMorris walks with a cane due to arthritis. McMorris alleges that

in March 2010 his supervisor at Honor Guard told him that the DWM superintendant directly instructed Honor Guard that McMorris could no longer be employed at the facility solely because McMorris walked with a cane. Honor Guard reassigned McMorris to another facility. At his new assignment, McMorris worked two days a week instead of the four to six days a week he had been working at the DWM facility. McMorris alleges he was forced to quit his employment with Honor Guard because his pay was significantly reduced by the decrease in the number of hours he worked. McMorris has been unable to find consistent employment since leaving Honor Guard.

McMorris filed a pro se complaint alleging discrimination in violation of the Americans with Disabilities Act. This Court granted the City of Chicago's motion to dismiss the original complaint for failure to state a claim. The Court allowed McMorris to replead his discrimination claim, but found he had not exhausted his administrative remedies and therefore was foreclosed from reasserting the protection of the ADA. This Court appointed counsel to represent McMorris and file the Amended Complaint now under consideration. The City of Chicago has moved again to dismiss for failure to state a claim.

**Discussion**

McMorris' First Amended Complaint alleges that the City violated 42 U.S.C. § 1983 for depriving McMorris of rights secured by the ADA and, based on the same conduct, the City is liable for discrimination in violation of the Equal Protection Clause of the *Fourteenth Amendment*. The City moves to dismiss both counts of the amended complaint pursuant to Rule 12(b)(6) for failure to state claim arguing that McMorris has failed to allege sufficient facts to support municipal liability against the City.

1. *Count I: Violation of 42 U.S.C. § 1983*

In Count I of his First Amended Complaint, McMorris seeks to enforce the ADA through section 1983 of the Civil Rights Act of 1964. The City argues that such a claim is not cognizable and no controlling authority has ever ruled that the protections of the ADA can be enforced through application of section 1983.

It is unclear whether a section 1983 clam based on violations of the ADA is cognizable since neither the Seventh Circuit Court of Appeals nor the Supreme Court has addressed whether section 1983 may be used to enforce rights protected by the ADA. Section 1983 cannot be used to enforce a violation of a federal statutory provision if Congress has provided a comprehensive enforcement mechanism in that statute. *See Middlesex County Sewerage Authority v. National Sea Clammers Ass'n,* 435 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981); *Doe on Behalf of Doe v. Koger*, 710 F.2d 1209, 1212 (7th Cir. 1983). Several of the district courts in this circuit have held that section 1983 claims may not rest on the ADA. *E.g., Silk v. City of Chicago*, 1996 U.S. Dist. LEXIS 8334, *65 (N.D. Ill. June 4, 1996) (a police officer's complaint alleging employment discrimination based on his disability was dismissed because the court found that the comprehensive remedial and enforcement provisions in the ADA and the Rehabilitation Act foreclosed enforcement through section 1983); *Holmes v. City of Chicago*, 1995 U.S. Dist. LEXIS 6111 (N.D. Ill. May 5, 1995)(holding that Congress did not intend to allow section 1983 claims based upon injuries remediable under Title I of the ADA, 42 U.S.C. § 12117, governing employment discrimination). In *Torrence v. Advanced Home Care, Inc.,* 2009 U.S. Dist. LEXIS 42954 (N.D. Ill. May 21, 2009), Judge Dow addressed the lack of precedent on this issue. However, Judge Dow declined to decide whether the ADA was enforceable through section 1983 because Torrence's complaint failed to state a claim for other reasons.

McMorris points to *Hanson v. Sangamon County Sheriff's Dept.*, 991 F.Supp. 1059 (C.D. Ill. 1998), as support for his claim. However, the court in *Hanson* considered only Title II of the ADA; the provision covering access to benefits and not Title I governing employment discrimination. Similarly, the court in *Noland v. Wheatley*, 835 F.Supp. 476, 485 (N.D. Ind. 1993), the court only considered Title II of the ADA and did not address Title I of the ADA governing employment discrimination. Considering the lack of authority on this question, this Court declines to decide the issue since the complaint is deficient for other reasons. In particular, the First Amended Complaint fails to sufficiently allege a *Monell* claim.

Regardless of whether McMorris can in fact invoke the ADA through section 1983, he has still failed to adequately allege a *Monell* claim against the City. McMorris alleges that "[t]he City is liable for the monetary damages McMorris sustained because the City's Department of Water Management superintendent was the direct cause and/or moving force behind McMorris being moved from the facility based on his disability, and the superintendent is an official with policy-making authority." (Dkt. 31 at ¶ 18).

In order to sustain a claim of municipal liability for a civil rights violation, a plaintiff must allege either: an express municipal policy that, when enforced, deprived the plaintiff of a constitutional right; a widespread municipal practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or that the plaintiff's alleged constitutional injury was caused by a person with final policy making authority. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *McCormick v. City of Chicago,* 230 F.3d 319, 324-25 (7th Cir. 2000).

McMorris contends that the unnamed DWM superintendant was a person with policy-making authority who was the "direct cause" or "moving force" behind McMorris' transfer

because of his disability. There are several problems with McMorris' allegations aside from being insufficient as mere conclusions. First, McMorris does not identify a municipal policy or practice. "The municipal policy or practice must be the 'direct cause or 'moving force' behind the constitutional violation, which a plaintiff may show directly by demonstrating that the policy is itself unconstitutional." *Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010). Here, McMorris only identifies one decision by one individual and makes no allegation of a policy or practice.

Additionally, McMorris' statement that the Superintendant of the DWM had policymaking authority lacks any factual support to raise the claim above speculation. "State or local law determines whether a person has policymaking authority for purposes of section 1983." *Waters v. City of Chicago,* 580 F.3d 575, 581 (7th Cir. 2009). Here, the city's legislative body, the Chicago City Council, has the authority to adopt employment policies. *Id.* The City Council has delegated the authority to promulgate personnel rules to the Commissioner of Human Resources. *Id.;* Chi. Ill. Municipal Code § 2-74-050. Therefore, both the Chicago City Council and the Commissioner of Human Resources are final policymakers for the City in the area of employment. *Waters*, 580 F.3d at 581. "The authority, under state or local law, to set policy--i.e., to 'adopt rules for the conduct of government'--distinguishes a 'final policymaker,' whose decisions may subject a municipality to § 1983 liability, from an official who merely possesses 'authority to implement pre-existing rules.' *Argyropoulos v. City of Alton*, 539 F.3d 724, 740 (7th Cir. 2008). An executive official, like the Superintendent of the DWM, may have policymaking authority, but only if it is expressly delegated to that official. *Waters*, 580 F.3d at 581. Nothing in the complaint suggests that the Chicago City Council expressly delegated employment policymaking authority to the Superintendant of the DWM. Accordingly, McMorris

fails to state a claim for municipal liability even if this Court were to determine that the Americans with Disabilities Act is enforceable through section 1983. Count I of the First Amended Complaint therefore is dismissed.

   2. *Count II: Violation of Equal Protection Clause*

In Count II, McMorris asserts a claim under section 1983 alleging that the City violated the Equal Protection Clause by discriminating against McMorris on the based on his disability. This claim fails for the same reason as Count I, stated above, that McMorris fails to state a claim for municipal liability because there are no factual allegations to support even an inference that the superintendant had policymaking authority to hold the City liable under section 1983.

McMorris' equal protection claim also fails because he does not allege that any similarly situated employees were treated differently. "The *Fourteenth Amendment's Equal Protection Clause* prohibits intentional discrimination based on membership in a particular class, including acts of employment discrimination." *Trigg v. Fort Wayne Community Sch.*, 766 F.2d 299, 300 (7th Cir. 1985) (internal citation omitted). The court in *Trigg* concluded that a plaintiff may sue his state government employer under section 1983 for violations of the *Fourteenth Amendment* and escape Title VII's comprehensive remedial scheme. *Id.* at 302. "To establish a *prima facie* case of discrimination under the equal protection clause, plaintiff is required to show that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). McMorris makes no allegations that he was treated differently than similarly situated individuals who are not members of the protected class. Accordingly, even if McMorris were able to state a claim of municipal liability, he has failed to adequately plead a *prima facie* case of discrimination. Count II is dismissed.

**Conclusion**

Based on the foregoing analysis, this Court grants defendant's Motion to Dismiss for failure to state a claim and dismisses the First Amended Complaint. Plaintiff is given 21 days to file a Motion for Leave to File an Amended Complaint with the proposed amendment attached. IT IS SO ORDERED.

Date: October 9, 2012

Entered:_____
Sharon Johnson Coleman