# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6117 | **DATE** | 11/15/2012 |
| **CASE TITLE** | McMorris vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

Motion hearing held on November 14, 2012, on plaintiff's Motion for Leave to File a Second Amended Complaint. For the reasons stated herein the motion [45] is denied. Civil case terminated. Status hearing set to 12/7/2012 is stricken. This Court thanks counsel appointed for the plaintiff for their service.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

Motion hearing held on November 14, 2012, on plaintiff's Motion for Leave to File a Second Amended Complaint. For the reasons stated herein the motion is denied. Civil case terminated.

    On October 9, 2012, this Court dismissed plaintiff Booker McMorris' First Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim. This Court found that the First Amended Complaint failed to allege any facts to support the conclusion that the unnamed superintendent of the Department of Water Management had final policymaking authority in order to hold the City of Chicago liable for plaintiff's alleged discrimination. Plaintiff filed the instant motion for leave to file a Second Amended Complaint on October 30, 2012. After reviewing the proposed Second Amended Complaint and considering the arguments and submissions of the parties, this Court finds that the proposed amended complaint fails to cure the deficiencies of the prior pleading.

    In support of his motion for leave to amend, plaintiff argues that the City should be held liable for the superintendent's acts because the superintendent had final policymaking authority based on his position as

**STATEMENT**

superintendent and because of the City's failure to make policies or delegate policymaking authority with respect to private contracts like plaintiff. As plaintiff points out, the City of Chicago Personnel Rules explicitly exclude private contractors from their application. However, this fact does not demonstrate that the superintendent had policymaking authority to support *Monell* liability. In response to plaintiff's motion, the City submitted the provision of the City of Chicago Municipal Code, 2-106-020, which governs appointment of the commissioner of the Water Management Department. That provision states, "The commissioner shall have management and control of all matters and activities pertaining to the department." (Emphasis added.) Therefore, the Commissioner would have final policymaking authority, not the unnamed superintendent of the facility where plaintiff worked. This Court finds that amendment of plaintiff's claims would be futile. The Motion for Leave to File a Second Amended Complaint is denied. This Court thanks counsel appointed for the plaintiff for their service.